UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NEVADA RESTAURANT SERVICE, INC., d/b/a DOTTY'S, | ) ) ) |
| Plaintiff, | ) Case No.: 2:16-cv-00238-GMN-NJK |
| vs. | ) |
| | ) **ORDER** |
| CLARK COUNTY, a Municipal Corporation, and Does I through X, | ) ) ) |
| Defendants. | ) ) |

Pending before the Court is Plaintiff Nevada Restaurant Service, Inc.'s ("Plaintiff") Motion for Preliminary Injunction (ECF No. 6). Defendant Clark County filed a Response (ECF No. 11), and Plaintiff filed a Reply (ECF No. 18). Moreover, Plaintiff filed a Supplement to its instant motion (ECF No. 23).

**I. BACKGROUND**

On December 3, 2014, Clark County passed a law requiring, *inter alia*, that taverns such as those owned by Plaintiff maintain bars with a minimum height of forty (40) inches in order to operate Class A slot machine licenses. (Mot. Prelim. Inj. 2:25–28, ECF No. 6). However, the law provided that a number of taverns had licenses that would be "grandfathered." (*Id.* 2:28–3:1). On April 29, 2015, Plaintiff was informed by Clark County that 26 of its taverns were grandfathered and eight of its taverns needed to be retrofitted to achieve grandfathered status. (*Id.* 3:15–21). On October 28, 2015, Plaintiff was informed by Clark County that only five of its taverns would be grandfathered and 19 of its taverns needed to be retrofitted to achieve grandfathered status. (*Id.* 3:27–4:7).

Plaintiff argues that Clark County's "unorthodox, retroactive attempt at legislation unconstitutionally deprives Dotty's of due process and requires both a writ of mandamus and judicial review under Nevada law." (*Id.* 4:17–19). Accordingly, Plaintiff further argues that a preliminary injunction is warranted because "there is no dispute as to the factual merits of Dotty's claims and the balance of equities tips in Dotty's favor." (*Id.* 4:19–20). In response, Clark County argues that it "has simply taken tenable legislative action in gaming, an area where it enjoys wide ranging deference." (Resp. 4:5–7, ECF No. 11).

## II. LEGAL STANDARD

Preliminary injunctions and temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22. "[C]ourts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id*. at 24 (internal quotation marks omitted).

Irreparable harm cannot be "economic injury alone . . . because such injury can be remedied by a damage award." *Rent-A-Center, Inc. v. Canyon Tele. & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991). However, the Ninth Circuit has recognized "intangible injuries" as well. *Id.* (indicating "advertising efforts and goodwill" as such injuries in a case regarding a non-compete clause of a contract); *see also Regents of Univ*.

*of Cal. V. Am. Broad. Cos.*, 747 F.2d 511, 519–20 (9th Cir. 1984) (noting in an antitrust case that "ongoing recruitment efforts and goodwill" qualify as irreparable harm).

### III. DISCUSSION

For its showing of irreparable harm, Plaintiff alleges that it will be seriously damaged and its taverns may even have to close. (Mot. Prelim. Inj. 22:20–21, ECF No. 6). Plaintiff further alleges that this result could harm its "business goodwill and other relationships." (*Id.* at 22:24–26). In its Supplement, Plaintiff explains that, starting in the first week of May 2016, it must retrofit five of its taverns in order to comply with Clark County's schedule. (Supp. 1:23–27, ECF No. 23).

Having considered the parties' briefs, declarations, and accompanying exhibits, the Court finds that Plaintiff has failed to sufficiently establish its claim of irreparable harm. Unlike the "intangible injuries" acknowledged by the Ninth Circuit, Plaintiff's alleged irreparable harms are too vague and speculative in nature, and Plaintiff has failed to show that such potential injury cannot be adequately remedied by monetary damages. *See Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 675 (9th Cir. 1988) (finding that, where multiple contingencies must occur before an injury would become a concrete harm, the injury was "too speculative to constitute an irreparable harm justifying injunctive relief."). For this reason, the Court denies the Preliminary Injunction.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 6) is **DENIED**.

**DATED** this __20__ day of April, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court