J. RANDALL JONES, ESQ.
Nevada Bar No.: 001927
MATTHEW S. CARTER, ESQ.
Nevada Bar No.: 009524
MONA KAVEH, ESQ.
Nevada Bar No.: 11825
KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
Tel. (702) 385-6000
Email: kjc@kempjones.com
*Attorneys for Plaintiff, Nevada Restaurant Services, Inc. dba Dotty's*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NEVADA RESTAURANT SERVICES, INC., dba DOTTY'S,<br><br>Plaintiff,<br><br>v.<br><br>CLARK COUNTY, a Municipal Corporation; and Does I through X,<br><br>Defendant. | Case No.: 2:16-cv-00238-GMN-NJK<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff, NEVADA RESTAURANT SERVICES, INC., doing business as DOTTY'S, by and through its counsel of record, Kemp, Jones & Coulthard, LLP, and Defendant CLARK COUNTY, by and through its counsel of record Olson, Cannon, Gormley Argulo & Stoberski, hereby stipulate and agree that the handling of confidential material in these proceedings shall be governed by the provisions set forth below:

WHEREAS this Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the Parties agree merit confidential treatment, and shall apply to all information, documents and things subject to discovery in this action, including without limitation testimony adduced at depositions

upon oral examination or upon written questions pursuant to Federal Rules of Civil Procedure 30 and 31, answers to interrogatories pursuant to Federal Rule of Civil Procedure 33, documents produced pursuant to Federal Rules of Civil Procedure 26, 30, 34 or otherwise, information obtained from an inspection of premises or things pursuant to Federal Rule of Civil Procedure 34, and answers to requests for admission pursuant to Federal Rule of Civil Procedure 36;

WHEREAS the Parties believe that in the course of discovery certain documents or information are likely to be disclosed and/or produced that may constitute or incorporate material that is private, financially sensitive, business confidential, proprietary, trade secret, or otherwise protected from disclosure pursuant to Federal Rule of Civil Procedure 26(c), Federal Rule of Evidence 501, or other applicable laws protecting the privacy of communications and/or financial information (referred to herein as the "Confidential Information");

A. Prior to delivery, any document that the producing party considers confidential and/or subject to this stipulation shall be marked "CONFIDENTIAL." and will be treated as Confidential Information in accordance with the terms of this Order subject to the terms and conditions of subsections B, C, and D below.

B. Upon receipt of any document that the receiving party considers Confidential and/or subject to this Stipulated Protective Order, the receiving party may inform the other party that a document is Confidential by providing the Bates number of the document in writing within 30 days of receipt of the same. For any document produced prior to the execution of this Stipulated Protective Order, the Parties shall have 30 days to designate any document as "CONFIDENTIAL."

C. After the production of documents designated as Confidential Information under the terms of this Stipulated Protective Order, each Party may, within 30 days, file notifications of their objection to such designation, along with a statement which shall contain a listing of the specific documents to which it takes exception and assert its objections. With regard to those documents to which either party objects, and subject to

a meet and confer between the parties in an effort to resolve such dispute, which shall be set within 15 days of the objection, the objecting party shall request a hearing before the Court in order that a judicial determination can be made as to the status of the documents at issue.

      D.     All documents that are designated "CONFIDENTIAL" shall be treated as Confidential Information pursuant to this Stipulated Protective Order until such time as the parties formally agree in writing to the contrary or determination is made by the Court that the documents are should not be so marked. All Confidential Information shall be used by the Parties solely for purposes of the prosecution or defense of this action, Case No. 2:16-cv-00238 pending before the United States District Court for the District of Nevada and shall not be disclosed by the parties or their agents or attorneys for any other purpose whatsoever, including for business or governmental purpose or for any administration or other judicial proceeding.

      E.     Information and documents subject to this Stipulated Protective Order may be disclosed only to: (a) the parties above named; (b) attorneys for the parties above named; (c) the paralegal and clerical staffs of the attorneys for the parties above named; and (d) experts and consultants retained by the parties.

      F.     Any person in possession of information and/or documents identified as Confidential shall exercise reasonable and appropriate care with regard to the storage, custody or use of Confidential information

      G.     Except as provided for in this paragraph, each party shall keep all Confidential Information confidential from all persons and shall refrain from contacting third parties identified in documents designated Confidential Information, except in connection with the discovery process in this action, including the scheduling of discovery.

      H.     To the extent that any Confidential Information is used in or disclosed during the taking of depositions, such portions of such depositions shall be taken only in the presence of those persons identified in paragraph E above and the court reporter, and

all such Confidential Information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with the Confidential Information. If any Confidential Information is disclosed for the first time during a deposition, the disclosing party shall first designate the on the record that the information to be provided is CONFIDENTIAL, and such information shall thereafter be treated as Confidential Information pursuant to this Order. At the time any Confidential Information is used in any deposition, the reporter will be informed of this Order and will be required to operate in a manner consistent with this Order, and the reporter shall separately label the confidential portions of the deposition transcript.

I.   For the purpose of dispositive motions, the parties acknowledge that a "strong presumption in favor of access" exists.  A party seeking to seal a judicial record in a dispositive motion or as an exhibit to a dispositive motion bears the burden of establishing "compelling reasons" by "articulating compelling reasons supported by specific factual findings," that outweigh the public policies favoring disclosure. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

J.   For the same reasons stated in subsection I, this Order shall not apply to the disclosure of Confidential Information at the time of trial through the receipt of documents containing Confidential Information into evidence or through the testimony of witnesses.  The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the parties at or before the trial.

K.   Upon termination of this action by judgment or settlement, the provisions of this Order shall continue to be binding, except with respect to those documents and information that properly become a matter of public record. This Court retains and shall have jurisdiction over the parties and recipients of the Confidential Information for enforcement of the provisions of this Order following the termination of this action. Further, upon such termination, the parties' counsel and their retained experts and consultants shall either (1) destroy, or (2) return to the other party's counsel, at the other

party's expense, all documents received under this Order, including all copies and other reproductions of such information in the possession of that party, party's counsel or the party's retained consultants or experts. All persons, including counsel, who have received documents subject to this Order shall execute a declaration (Exhibit A annexed hereto) acknowledging that they have complied with the Order and that no copies of documents containing Confidential Information have been retained. Each party's counsel shall forward the declarations signed by their respective experts and consultants who were designated or disclosed during this case. In the case of consultants retained by a party's counsel who were not disclosed or designated, party's counsel will execute and deliver to the opposing counsel, a declaration acknowledging that the retained experts and consultants have signed Exhibit A declaring that they have complied with the Order.

L. This Order shall bind the Parties and their respective successors, affiliates, assigns, agents, employees, present and future subsidiaries, divisions, affiliated companies, parent corporations, predecessors, joint ventures, officers, volunteers, employees, representatives, agents, insurers, and personal representatives.

M. This Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the laws of the State of Nevada or federal law, including but not limited to the rules of discovery and the rules of evidence, at any time including at the time of trial.

N. This Stipulation and Protective Order may not be waived, modified, abandoned or terminated, in whole or in part, except by an instrument in writing signed by the parties. If any provision of this Stipulation and Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby. However, if any document previously marked CONFIDENTIAL shall become public, or filed with any government agency so as to be considered a public document, then the confidentiality provisions of this Order shall terminate as to such Document.

O. The inadvertent production of Confidential Information in the course of discovery in this action of any document or information (whether designated as

Confidential or not) shall not be deemed to waive whatever privilege or confidential nature that would otherwise attach to the document or information produced or to other documents or information, as long as the producing party promptly, after discovery of the inadvertent production, notifies the other party or parties of the claim of privilege or other protection or immunity. Upon such notice, the other party or parties shall promptly destroy all copies of the documents or information referred to and notify the producing party or person that it has done so. Such destruction and notice shall not constitute an acknowledgment that the claimed document or information is in fact privileged or entitled to protections or immunity. In the event that a party is the recipient of an inadvertent production of privileged and/or Confidential Information, that party must take affirmative steps to inform the party that produced the discovery of the production and potential nature as a privileged document and/or Confidential Information.

P.   This Stipulation and Protective Order may be enforced by this Court under the Federal Rules of Civil Procedure.

Q.   This Stipulation and Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Stipulated by:

Dated this 27th day of October, 2016.  Dated this 27th day of October, 2016.

**KEMP, JONES & COULTHARD, LLP**            **OLSON, CANNON, GORMLEY ARGULO & STOBERSKI**

 /s/ Matthew S. Carter                                       /s/ Thomas D. Dillard
J. Randall Jones, Esq. (#1927)              Thomas D. Dillard, Esq. (#6270)
Matthew S. Carter, Esq. (#9524)             9950 West Cheyenne Avenue
Mona Kaveh, Esq. (#11825)                   Las Vegas, NV 89129
3800 Howard Hughes Parkway, 17th Floor      *Attorneys for Defendant Clark County*
Las Vegas, Nevada 89169
*Attorneys for Plaintiff*

**ORDER**

IT IS SO ORDERED October 27_____, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted by:

**KEMP, JONES & COULTHARD, LLP**

*/s/ Matthew S. Carter*
J. Randall Jones, Esq. (#1927)
Matthew S. Carter, Esq. (#9524)
Mona Kaveh, Esq. (#11825)
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
*Attorneys for Plaintiff*

**EXHIBIT A**

# DECLARATION

I, _____, hereby certify:

I, the undersigned, have been provided copies of, or access to, Confidential Information produced pursuant to a Confidentiality Order in the above-captioned action and attest to the following facts:

1. A copy of the Stipulated Protective Order (the "Order") in *NEVADA RESTAURANT SERVICES, INC. dba DOTTY'S v. CLARK COUNTY*, Case No. 2:16-cv-00238–GMN-NJK in the United States District Court for the District of Nevada was provided to me, and I have read the Order.

2. Any documents, information, materials, or testimony that are protected under the Order entered in this case and designated as Confidential Information will be used by me only in connection with the above-captioned matter.

3. I will not disclose or discuss such protected Confidential Information with any person other than those individuals permitted by the Order to review such materials.

4. I understand that the use of such Confidential Information, documents, information, or testimony obtained by me (or any portions or summaries thereof) in any manner contrary to the provisions or the Order may subject me to sanctions by the Court for violating the Order.

I declare under penalty of perjury under the laws of the State of Nevada, that the foregoing is true and correct.

DATED this \_\_\_\_ day of _____, 201\_\_.

        Signature:_____

        Name:_____

        Title and Affiliation: _____

        Address:_____

        Telephone Number: _____