UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NEVADA RESTAURANT SERVICES, INC., dba DOTTY'S,<br><br>            Plaintiff,<br><br>      vs.<br><br>CLARK COUNTY, a Municipal Corporation, and Does I through X,<br><br>            Defendants. | Case No.: 2:16-cv-0238-GMN-NJK<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 14), filed by Defendant Clark County (the "County"). Plaintiff Nevada Restaurant Services, Inc. ("Plaintiff") filed a Response, (ECF No. 21), and Defendant filed a Reply, (ECF No 22). For the following reasons, the Motion to Dismiss is **GRANTED**.

**I.      BACKGROUND**

Plaintiff owns gaming and drinking establishments in Clark County, Nevada, that operate as taverns under "Class A" gaming licenses. (Compl. ¶ 13, ECF No. 1). These licenses "permit[ ] the operation of a total of fifteen or fewer slot machines *incidental* to the primary business at the establishment wherein the slot machines are to be located." Clark County Code (the "Code") § 8.04.040(B)(3) (emphasis added).

Following a proliferation of businesses operating under a Class A license, the Clark County Board of County Commissioners (the "Board") passed an amendment to its tavern laws (the "2011 Ordinance") effective April 9, 2011. (Compl. ¶ 15). The 2011 Ordinance required that taverns operating under Class A limited gaming licenses have a bar and at least eight slot

machines "embedded" in the bar. Code § 8.20.020.385 (Apr. 19, 2011). Taverns licensed "at the same location" prior to December 22, 1990, were exempted from the new requirement. *Id.*

After some problems with enforcement of the 2011 Ordinance, the Board amended the Code by passing Ordinance L-256-14 (the "2014 Ordinance") on December 3, 2014. (Compl. ¶ 21–27). The 2014 Ordinance requires taverns to maintain bars with a minimum height of forty inches and to operate a minimum number of slot machines as "bartop machines."[1] Code § 8.20.020.385(c)(1). Alternatively, a tavern may comply if less than fifty-percent of its revenue is derived from slot machines. Code § 8.20.020.385(c)(2). A tavern need not comply with these provisions if it either operates seven or fewer slot machines or qualifies as a grandfathered tavern. Code § 8.20.020.385(d)–(e). According to the Code, a "grandfathered tavern" is:

> (i) A tavern licensed for fifteen or fewer slot machines, the application for which was pending or approved prior to [December 8, 2006]; or
>
> (ii) Any tavern which, as of December 2, 2014, operated more than fifty percent of the slot machines on its premises as bartop machines, regardless of the height of such bartop machines located in a bar . . . .

Code § 8.20.020.385(a)(i)–(ii).

On February 20, 2015, Director Jacqueline Holloway of the Department of Business License for Clark County ("Director Holloway") sent Plaintiff a letter (the "February Letter") that identified exempted locations that were grandfathered taverns under the terms of the 2014 Ordinance. (Compl. ¶ 33); (*see* Ex. 3 to Compl. at 2–4, ECF No. 1-4). The February Letter reflected Director Holloway's interpretation that, like the 2011 Ordinance, exemption under the 2014 Ordinance depended on the date the tavern location first received a gaming license. (*See*

---

[1] A "bartop machine" is a "slot machine or gaming device which is installed into the flat horizontal counter of a 'bar' . . . for which the bar is the cabinetry of the slot machine." Code § 8.20.020.024.

Ex. 3 to Compl. at 2–4, ECF No. 1-4). Plaintiff complied with retrofitting the taverns that were not considered grandfathered according to the February Letter. (Compl. ¶¶ 36–37).

On October 28, 2015, Plaintiff received an additional letter from Director Holloway (the "October Letter") (collectively the "letters") stating that "previous notifications concerning the grandfathered status of [Plaintiff's] taverns . . . must be revised." (Compl. ¶ 38); (*see* Ex. 6 to Compl. at 2, ECF No. 1-7). Director Holloway revised her interpretation and concluded that the application date of "current ownership," rather than tavern location, determined grandfathered status. (*Id.*).

Rather than complying with the 2014 Ordinance, Plaintiff filed the instant case seeking a petition for writ of mandamus and judicial review, and alleging violations of due process and § 1983. (*See generally* Compl.). Additionally, Plaintiff alleges that the County has "arbitrarily and capriciously denied [Plaintiff's] locations the package liquor licenses it regularly grants other taverns" pursuant to Code § 8.20.020.250. (Compl. 11:19–23). Plaintiff alleges this claim under its petition for writ of mandamus, judicial review, and due process causes of action.

On February 10, 2016, Plaintiff filed a Motion for Preliminary Injunction, (ECF No. 6), which the Court later denied, (ECF No. 27). The County filed its opposition to Plaintiff's Motion for Preliminary Injunction and included in its opposition the instant Motion to Dismiss Plaintiff's claims related to the 2014 Ordinance. (*See generally* Mot. to Dismiss ("MTD"), ECF No. 14).

## II. <u>LEGAL STANDARD</u>

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the Court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

In the instant Motion, the County asks the Court to dismiss all of Plaintiff's claims relating to the 2014 Ordinance for "failure to set forth any plausible claims for relief against the [ ] [County]." (MTD 30:21–22). Plaintiff's claims include a petition for writ of mandamus, judicial review, violations of both procedural and substantive due process, and violations § 1983. Notably, however, the County's Motion only seeks to dismiss Plaintiff's claims relating to the 2014 Ordinance and does not address dismissal of Plaintiff's claims regarding the package liquor licenses. (*See* Compl. ¶¶ 51–57). As such, the Court will address each claim in turn only regarding Plaintiff's allegations in relation to the 2014 Ordinance.

### A. Petition for Writ of Mandamus

Plaintiff's first cause of action petitions the Court for a writ of mandamus for the County's actions affecting Plaintiff. (Compl. ¶¶ 58–63). "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Kerr v. U.S. Dist. Ct. N. Dist. of Cal.*, 426 U.S. 394, 399 (1976) (quoting 28 U.S.C. § 1651). Although district courts have "never confined themselves to an arbitrary and technical definition of jurisdiction, it is clear that only exceptional circumstances amounting to a judicial usurpation of power will justify the invocation of this extraordinary remedy." *Will v. United States*, 389 U.S. 90, 95 (1967). Additionally, District Courts may obtain jurisdiction to issue a writ of mandamus through constitutional or statutory provisions. *Petrowski v. Nutt*, 161 F.2d 938, 938–39 (9th Cir. 1947). Issuance of a writ of mandamus to enforce performance is appropriate only when "there is no other adequate remedy." *Bd. of Comm'rs of Knox Cnty. v. Aspinwall*, 65 U.S. 376, 377 (1860).

In Nevada, "[a] municipality's discretionary regulation of the dispensation of alcoholic beverages within its corporate limits should be respected by the courts absent clear evidence that an act of regulation is arbitrary, capricious, or an abuse of discretion." *Tighe v. Von Goerken*, 833 P.2d 1135, 1136 (1992) (citing Nev. Rev. Stat. § 268.090(1)).  Moreover, "a trial court should sustain discretionary action of a governmental body, absent an abuse thereof, to the same extent that an appellate court upholds the discretionary action of a trial court." *Urban Renewal Agency v. Iacometti*, 379 P.2d 466, 468 (1963).

Here, Plaintiff fails to plead adequate facts amounting to "exceptional circumstances" to "justify the invocation of this extraordinary remedy." *See Will*, 389 U.S. at 95.  Specifically, Plaintiff fails to sufficiently allege that the County acted arbitrarily, acted capriciously, or abused its discretion in enforcing the 2014 Ordinance regulating taverns—a matter fully within the County's purview.  Moreover, as fully discussed *infra*, the County did not act contrarily to the plain language of the 2014 Ordinance in issuing the October Letter.  The Court therefore dismisses Plaintiff's Petition for Writ of Mandamus regarding the 2014 Ordinance.

**B.  Judicial Review**

Plaintiff's second cause of action asks the Court for judicial review "of the record on which the [County's] non-legislative re-interpretation and attempted enforcement of the [2014] Ordinance" were based on a "determination that the decisions lacked substantial evidence," and a "determination that the actions are unconstitutional deprivations of [Plaintiff's] protected property interests under the United States Constitution and all applicable law." (Compl. ¶ 66). The Code allows judicial review in two situations.  First, § 20.12.120 states in relevant part that "[a]ny person aggrieved, or taxpayer affected, by any decisions of the Clark County planning commission, or the board of Clark County commissioners, may appeal to the courts of Nevada." Code § 20.12.120.  Second, § 8.08.160 states in relevant part that "[e]xclusive power to regulate the businesses of gaming, dancehalls, escort services and liquor sales are vested by

the Nevada Legislature in the liquor and gaming licensing board. . . . Any person aggrieved by final decision or order of the board made after hearing may obtain a judicial review of questions of law thereof in the Eighth Judicial District Court." Code § 8.08.160.

Neither of these situations apply here. Plaintiff is not challenging the decisions of the Clark County planning commission or the board of Clark County commissioners; Plaintiff is only challenging Director Holloway's interpretations of the 2014 Ordinance based on the letters. (Compl. ¶¶ 33–38). Similarly, Plaintiff is not challenging a licensing procedure relating to the 2014 Ordinance to imply § 8.08.160. Premising Plaintiff's request for judicial review on the confusion caused by Director Holloway's letters, Plaintiff's cause of action for judicial review relating to the 2014 Ordinance appears redundant with the actual action itself. The Court therefore dismisses Plaintiff's second cause of action regarding the 2014 Ordinance.

**C. Due Process**

*1. Procedural Due Process*

Plaintiff's Complaint states that the "procedures employed by [the County] in (1) re-interpreting and attempting enforcement of the [2014] Ordinance and (2) denying [Plaintiff] the benefits of Clark County Code § 8.20.020.385(a) have deprived [Plaintiff] of due process of law as guaranteed by the Nevada Constitution and the United States Constitution."[2] (Compl. ¶ 69, ECF No. 1).

A claim "based upon procedural due process thus has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Portman v. Cty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). Moreover, a protected property interest exists when an individual has a "legitimate claim of entitlement" that derives from "existing rules or understandings." *Bd. of Regents v.*

---

[2] Plaintiff pleads its due process claims under both federal and state law. These rights under the Nevada Constitution are identical to those under federal law. *See McCarran Int'l Airport v. Sisolak*, 137 P.3d 1110, 1119 (Nev. 2006).

*Roth*, 408 U.S. 564, 577 (1972); *see Hermosa on Metropole, LLC v. City of Avalon*, 659 F. App'x 409, 410–11 (9th Cir. 2016).  "A reasonable expectation of entitlement is determined largely by the language of the statute and the extent to which the entitlement is couched in mandatory terms." *Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 62 (9th Cir. 1994); *see also Town of Castle Rock v. Gonzales,* 545 U.S. 748, 760 (2005) (noting that property interests arise only when the relevant state law provisions "truly ma[k]e [the conferral of the benefit] mandatory").  Here, the Code "declare[s] that the right to obtain [a] license is a privilege and . . . the operation of [a] gambling facility . . . is a privileged business subject to regulations." Code § 8.04.020(A).  Further, the Code confers "general power . . . to impose conditions, limitations and restrictions upon a license" and "broad final discretion in all licensing matters" to the Board. Code § 8.04.020(A), (C).

      The thrust of Plaintiff's procedural due process claim is that the County and Director Holloway reinterpreted § 8.20.020.385(a) "without notice, hearing, or further legislation," and that Plaintiff has a "[c]onstitutionally protected property interest in the grandfathered licenses at issue in its taverns in Clark County." (Compl. ¶¶ 72, 76).  Plaintiff fails, however, to demonstrate a vested right to be insulated from new legislative conditions by virtue of prior ordinances or prior grandfathered status provisions articulated therein.  Indeed, "[alcohol and gambling] are subject to 'almost limitless' restriction by the County." *Nevada Rest. Servs., Inc. v. Clark Cty.*, No. 2:11-cv-00795-KJD, 2012 WL 4355549, at *7 (D. Nev. Sept. 21, 2012), *aff'd*, 638 F. App'x 590 (9th Cir. 2016) (dismissing a similar due process claim regarding the 2011 Ordinance).  As a result, the Court finds that Plaintiff has failed to demonstrate a protected property interest and therefore dismisses Plaintiff's procedural due process claim regarding the 2014 Ordinance.

### *2. Substantive Due Process*

The constitutional guarantee of substantive due process prevents the government from engaging in conduct that "shocks the conscience" or interferes with rights "implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 742 (1987). Substantive due process provides no basis for overturning validly enacted laws unless they are "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Spoklie v. Montana*, 411 F.3d 1051 (9th Cir. 2005); *see also Richardson v. City and County of Honolulu*, 124 F.3d 1150, 1162 (9th Cir. 1997). Whether the Ordinance is the only or best approach is irrelevant. Moreover, courts will not act as a "super-legislative" body to question the wisdom of otherwise constitutional acts by the Board. *Autotronic Systems, Inc. v. City of Coeur D'Alene*, 527 F.2d 106, 108 (9th Cir. 1975).

Plaintiff alleges that the County's "retroactive, non-textual re-interpretations and attempted enforcement of the [2014] Ordinance exceed the County's police power" and alternatively, "if the [County's] re-interpretations are valid, it is proof that the [2014] Ordinance is void for vagueness." (Compl. 17:21–22, 18:25–26). The Court will first address Plaintiff's police powers allegations and then address Plaintiff's void for vagueness allegations under the Fourteenth Amendment.

### a. **Police Powers**

Plaintiff alleges that the County's "*ex post facto* re-interpretations and attempted enforcement of the [2014] Ordinance is not a permissible exercise of police power of the County because it serves no legitimate public interest and is unrelated to the goal of protecting the public health, morals, safety or general welfare." (Compl. ¶ 88). However, Plaintiff alleges no facts that show the County's actions were irrational or that the County could have had no legitimate reason for its decision.

Moreover, the County has a legitimate interest in promulgating ordinances that facilitate the proper use of gaming licenses. *See, e.g.*, *Tighe*, 833 P.2d at 1136. Regulations aimed at preventing misuse of restricted licenses and closing loopholes in licenses that provide only for "incidental" gaming are well within the County's purview. *See* § 8.04.040(B)(3). The County also has an interest in requiring that businesses with the privilege of holding a gaming license provide employment, services, and amenities to the community. *See* Nev. Rev. Stat. § 268.090. Further, alcohol and gambling have significant public health and welfare implications, and the County has a legitimate interest in ensuring that both activities are conducted in a sustainable and safe manner. The Court will not second guess the County's determination that taverns operating under limited gaming licenses should comply with certain physical requirements, including having bar-top gaming devices, to enhance public welfare. Accordingly, Plaintiff's substantive due process claim in relation to the 2014 Ordinance fails.

### b. Void for Vagueness

A statute may violate the Due Process Clause if it is impermissibly vague. *See, e.g.*, *Nevada Rest. Servs., Inc*, 2012 WL 4355549, at *7. A facial vagueness challenge outside the context of the First Amendment "present[s] a hurdle that is difficult for the [plaintiff] to scale." *Hotel & Motel Ass'n of Oakland v. City of Oakland*, 344 F.3d 959, 971 (9th Cir. 2003). "[A] party challenging the facial validity of an ordinance on vagueness grounds outside the domain of the First Amendment must demonstrate that 'the enactment is impermissibly vague in all of its applications.'" *Id.* (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489 (1982)). A statute can be impermissibly vague for two independent reasons: (1) "it fails to provide persons of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits," or (2) "it authorizes and encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000).

Plaintiff argues that the 2014 Ordinance is void for vagueness because "the County itself, through [Director] Holloway . . . took two dramatically conflicting positions regarding the [2014 Ordinance's] application." (Compl. ¶ 93). Plaintiff continues that the 2014 Ordinance is "impermissibly vague because it is not sufficiently clear to cause persons of common intelligence to not have to guess at [its] meaning and to differ as to its application." (*Id.* ¶ 95).

However, Plaintiff fails to address how Director Holloway's revised interpretation of the 2014 Ordinance runs contrary to her responsibility to "develop administrative procedures, ordinances, rules, and regulations to effectively and efficiently enforce the licensing provisions of the Clark County Code, . . . licensing laws, [and] ordinances." Code § 2.03.030(f). Further, Plaintiff fails to plead facts showing that a person of reasonable intelligence would misunderstand the requirements of the 2014 Ordinance, or that the 2014 Ordinance authorizes and encourages arbitrary and discriminatory enforcement.

Moreover, this Court holds that the County's interpretation of the 2014 Ordinance is reasonably consistent with its plain language notwithstanding the revision issued by Director Holloway. *See AJ Sloan, Inc. v. Holloway*, No. 2:15-cv-02436-GMN-VCF (D. Nev. filed March 16, 2017); *see also Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1035 (9th Cir. 2006) (noting that "pertinence" of city manager's administrative instruction authorized by and construing city ordinance not affected by repeated amendments). Director Holloway's letters do not evince that persons of ordinary intelligence could not understand what conduct the 2014 Ordinance prohibits, or that the 2014 Ordinance itself authorizes and encourages discriminatory enforcement. As such, the plain language of the 2014 Ordinance is not impermissibly vague, and Plaintiff's substantive due process claims in relation to the 2014 Ordinance are dismissed.

**D. Section 1983**

Plaintiff's fifth cause of action alleges violations of 42 U.S.C § 1983 due to the County's conduct allegedly depriving Plaintiff of its "rights, privileges, and immunities secured by the Constitution." (Compl. ¶¶ 100).  A claim under § 1983 requires that: (1) the conduct that harms a plaintiff is committed under color of state law, and (2) that conduct deprives a plaintiff of a constitutional right. *Ketchum v. Country of Alameda*, 811 F. 2d 1243, 1245 (9th Cir. 1987).

Although Plaintiff was allegedly harmed by the County's conduct, there is no constitutional right at stake in this case relating to the 2014 Ordinance, therefore barring Plaintiff's ability to successfully plead a § 1983 violation.  As a result, the Court dismisses Plaintiff's § 1983 claim.

**E. Leave to Amend**

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that Plaintiff may be able to plead additional facts to support its Complaint regarding the 2014 Ordinance allegations.  Accordingly, the Court will grant Plaintiff leave to file an amended complaint.

Plaintiff shall file its amended complaint within twenty-one days of the date of this Order if it can allege sufficient facts that plausibly establish its claims against the County. Failure to file an amended complaint by this date shall result in the Court dismissing the 2014

Ordinance claims with prejudice, and the case will continue only on Plaintiff's package liquor license claims.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the County's Motion to Dismiss, (ECF No. 14), is **GRANTED**. Plaintiff's claims relating to the 2014 Ordinance are **DISMISSED without prejudice**. Plaintiff shall have twenty-one days from the filing date of this Order to file an amended complaint. Failure to file an amended complaint by this date shall result in the Court dismissing Plaintiff's claims relating to the 2014 Ordinance with prejudice. Plaintiff's first, second, third, and fourth causes of action relating only to the denial of the package liquor licenses remain.

**IT IS FURTHER ORDERED** that because the parties' pending Motions for Summary Judgment, (ECF Nos. 47, 48), are based on the instant Complaint, these Motions are dismissed without prejudice as moot. The parties shall have thirty days after the filing of the amended complaint to file dispositive motions.

**DATED** this __23__ day of March, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge