THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 006270
OLSON, CANNON, GORMLEY
ANGULO & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, NV 89129
Phone: 702-384-4012
Fax:   702-383-0701
tdillard@ocgas.com

Attorney for CLARK COUNTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * *

NEVADA RESTAURANT SERVICES, INC., ) 
dba DOTTY'S, )
                                                              )  CASE NO. 2:16-cv-0238-GMN-NJK
             Plaintiff, )
                                                              )
CLARK COUNTY, a Municipal Corporation )
Does I through X, )
                                                              )
             Defendant. )

### DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

### (JURY DEMAND)

COME NOW, Defendant, CLARK COUNTY, by and through its counsel of record, THOMAS D. DILLARD, JR., ESQ., of the law firm of OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI and hereby submit its Answer to Plaintiff's Amended Complaint as follows:

### I.

### PARTIES AND JURISDICTION

1.  Answering Paragraphs 1 and 2 of Plaintiff's Amended Complaint, this answering Defendant admits the allegations.

2.  Answering Paragraph 3 of Plaintiff's Amended Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

3.   Paragraph 4 is a legal conclusion rather than an allegation of fact and therefore Defendant is not required to answer. To the extent an answer is required, this Defendant admits Plaintiff alleges civil rights claims but Defendant denies the Answering Paragraph 1 of Plaintiff's Complaint, these answering Defendants admit that the Plaintiff makes civil rights allegations, however, these answering Defendants deny the validity of the civil rights claims for relief. Of the claims. Defendant also admits this Court has jurisdiction over all claims.

## II.
## GENERAL FACTUAL ALLEGATIONS

**A.   Clark County regulates the granting of Class A slot machine licenses to taverns within its borders.**

4.   Paragraphs 5, 6, 8, 10, 11 and 12 are legal conclusions rather than allegations of fact and therefore Defendant is not required to answer. To the extent an answer is required, this Defendant admits the allegations.

5.   Answering Paragraph 7 of Plaintiff's Amended Complaint, this answering Defendant admits the allegations.

6.   Answering Paragraph 9 of Plaintiff's Amended Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

**B.   Dotty's is a successful business lawfully operating multiple taverns, with Class A slot machine licenses, in Clark County for nearly two decades.**

7.   Answering Paragraphs 13 and 14 of Plaintiff's Amended Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

**C.   Competitors use the County's legislative process to launch an attack on Dotty's business model and operation in the form of a retroactive and unenforceable Ordinance.**

8.   Answering Paragraphs 15, 18, 19, 20 and 21 of Plaintiff's Amended Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to

the truth of the allegations and for that reason, must deny them.

9. Answering Paragraph 16 of Plaintiff's Amended Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that the Ordinance L-252-11 "in a retroactive fashion", allowed the licenses of Dotty's competitors to be grandfathered in under the terms of the Ordinance. However, as to the remainder of the allegations, this answering Defendant admits the allegations.

10. Answering Paragraphs 17 and 22 of Plaintiff's Amended Complaint, the cited deposition transcripts speak for themselves. As to the remainder of the allegations, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

**D. After the failed Ordinance, the County begins another attack on Dotty's**

11. Answering the First Sentence in Paragraph 23 of Plaintiff's Amended Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them. However, as to the remainder of the allegations, this answering Defendant admits the allegations.

12. Answering Paragraphs 24, 25, 28, 29 and 36 of Plaintiff's Amended Complaint, this answering Defendant admits the allegations.

13. Answering Paragraphs 26, 33, 34, 35 and 37 of Plaintiff's Amended Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

14. Answering Paragraphs 27 and 30 of Plaintiff's Amended Complaint, the record speaks for itself. As to the remainder of the allegations, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

15. Paragraph 31 is a legal conclusion rather than an allegation of fact and therefore Defendant is not required to answer. To the extent an answer is required, the code also speaks for itself.

16. Paragraph 32 is a legal conclusion rather than an allegation of fact and therefore

Defendant is not required to answer. To the extent an answer is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

17. Answering Paragraph 38 of Plaintiff's Amended Complaint, the deposition transcript speaks for itself. As to the remainder of the allegations, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

E. **In addition to its assurances in the Guidance Letter, the County confirms in writing that the majority of Dotty's Class A licenses should be grandfathered.**

18. Answering Paragraphs 39, 45, 46 and 47 of Plaintiff's Amended Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

19. Answering Paragraphs 40, 43 and 44 of Plaintiff's Amended Complaint, the deposition transcript speaks for itself. As to the remainder of the allegations, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

20. Answering Paragraphs 41 and 42 of Plaintiff's Amended Complaint, the record and deposition transcript speaks for themselves. As to the remainder of the allegations, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

F. **In September of 2015, County officials had a closed-door meeting with representatives of Station Casinos and Golden Gaming, who, upon information and belief, consider themselves competitors of Dotty's. One or more of these representatives told the County officials that the County had interpreted the New Ordinance incorrectly and offered an alternative interpretation that would take away the grandfathered status from several Dotty's locations.**

21. Answering Paragraphs 48, 51 and 52 of Plaintiff's Amended Complaint, the deposition transcripts speak for themselves. As to the remainder of the allegations, this answering Defendant is without sufficient knowledge or information to form a belief as to the

truth of the allegations and for that reason, must deny them.

22. Answering Paragraphs 49 and 50 of Plaintiff's Amended Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

G. **After the closed-door meeting with lobbyists for Station Casinos and other non-Dotty's companies, the County staff arbitrarily, and without a hearing, decides that Dotty's taverns should no longer be entitled to grandfathered Class A slot machine licenses under the New Ordinance.**

23. Answering Paragraphs 53, 61 and 65 of Plaintiff's Amended Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

24. Answering Paragraphs 54, 55 and 56 of Plaintiff's Amended Complaint, this answering Defendant admits the allegations.

25. Answering Paragraph 57 of Plaintiff's Amended Complaint, the deposition transcript speaks for itself.

26. Answering Paragraph 58 of Plaintiff's Amended Complaint, the deposition transcript speaks for itself. As to the remainder of the allegations, this answering Defendant denies each and every allegation contained therein.

27. Answering Paragraphs 59 and 60 of Plaintiff's Amended Complaint, the deposition transcripts speak for themselves. As to the remainder of the allegations, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

28. Paragraph 62 is a legal conclusion rather than an allegation of fact and therefore Defendant is not required to answer. To the extent an answer is required, this Defendant denies each and every allegation contained therein.

29. Answering Paragraphs 63 and 64 of Plaintiff's Amended Complaint, this answering Defendant denies each and every allegation contained therein.

///

**H.  The County's enforcement of the New Ordinance against Dotty's stores with bartop machines attempts to re-interpret the term "bartop machine" in a way that is at odds with the manufacturer's own description of its machines.**

30. Answering Paragraphs 66, 67, 68 and 73 of Plaintiff's Amended Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

31. Answering Paragraphs 69 and 70 of Plaintiff's Amended Complaint, the deposition transcript speaks for itself. As to the remainder of the allegations, this answering Defendant denies each and every allegation contained therein.

32. Answering Paragraphs 71 and 74 of Plaintiff's Amended Complaint, this answering Defendant denies each and every allegation contained therein.

33. Answering Paragraph 72 of Plaintiff's Amended Complaint, the deposition transcript speaks for itself. As to the remainder of the allegations, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

**I.  The County has arbitrarily and capriciously denied Dotty's locations the package liquor licenses it regularly grants other taverns.**

34. Paragraph 75 is a legal conclusion rather than an allegation of fact and therefore Defendant is not required to answer. To the extent an answer is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

35. Answering Paragraphs 76 through 81 of Plaintiff's Amended Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

### III.

### FIRST CLAIM FOR RELIEF

(Petition for Writ of Mandamus)

36. Answering Paragraph 82 of Plaintiff's Amended Complaint, Defendant repeats,

realleges and incorporates herein by reference, as though fully set forth, its answers to paragraphs 1 through 81.

37. Paragraph 83 is a legal conclusion rather than an allegation of fact and therefore Defendant is not required to answer. To the extent an answer is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

38. Answering Paragraphs 84 through 88 of Plaintiff's Amended Complaint, this answering Defendant denies each and every allegation contained therein.

IV.

## SECOND CLAIM FOR RELIEF

### (Judicial Review)

39. Answering Paragraph 89 of Plaintiff's Amended Complaint, Defendant repeats, realleges and incorporates herein by reference, as though fully set forth, its answers to paragraphs 1 through 88.

40. Paragraph 90 is a legal conclusion rather than an allegation of fact and therefore Defendant is not required to answer. To the extent an answer is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

41. Answering Paragraphs 91 through 93 of Plaintiff's Amended Complaint, this answering Defendant denies each and every allegation contained therein.

V.

## THIRD CLAIM FOR RELIEF

### (Violation of Procedural Due Process)

42. Answering Paragraph 94 of Plaintiff's Amended Complaint, Defendant repeats, realleges and incorporates herein by reference, as though fully set forth, its answers to paragraphs 1 through 93.

43. Paragraphs 95, 98, 105 and 106 are legal conclusions rather than allegations of fact and therefore Defendant is not required to answer. To the extent an answer is required, this

Defendant denies each and every allegation contained therein.

44. Paragraphs 96 and 97 are legal conclusions rather than allegation of fact and therefore Defendant is not required to answer.

45. Answering Paragraph 99 of Plaintiff's Amended Complaint, the deposition transcript speaks for itself. As to the remainder of the allegations, this answering Defendant denies each and every allegation contained therein.

46. Answering Paragraphs 100 through 104 and 107 through 111 of Plaintiff's Amended Complaint, this answering Defendant denies each and every allegation contained therein.

## VI.

## FOURTH CLAIM FOR RELIEF

### (Violation of Substantive Due Process)

47. Answering Paragraph 112 of Plaintiff's Amended Complaint, Defendant repeats, realleges and incorporates herein by reference, as though fully set forth, its answers to paragraphs 1 through 111.

48. Paragraphs 113 and 114 are legal conclusions rather than allegations of fact and therefore Defendant is not required to answer. To the extent an answer is required, this Defendant denies each and every allegation contained therein.

**A. The County's retroactive, non-textual re-interpretations and attempted enforcement of the New Ordinance exceed the County's police power.**

49. Answering Paragraphs 115, 116, 118, 119, 122, 123, 124, 126, 127, 128 and 129 of Plaintiff's Amended Complaint, this answering Defendants denies each and every allegation contained therein.

50. Answering Paragraph 117 of Plaintiff's Amended Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

51. Paragraph 120 is a legal conclusion rather than an allegation of fact and therefore Defendant is not required to answer. To the extent an answer is required, this Defendant denies

each and every allegation contained therein.

52. Answering Paragraph 121 of Plaintiff's Amended Complaint, the deposition transcript speaks for itself. As to the remainder of the allegations, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

53. Answering Paragraph 125 of Plaintiff's Amended Complaint, the deposition transcript speaks for itself. As to the remainder of the allegations, this answering Defendant denies each and every allegation contained therein.

**B.     In the alternative, if the Defendants' re-interpretations are valid, it is proof that the New Ordinance is void for vagueness.**

54. Answering Paragraphs 130, 131 and 133 through 136 of Plaintiff's Amended Complaint, this answering Defendant denies each and every allegation contained therein.

55. Answering Paragraph 132 of Plaintiff's Amended Complaint, this answering Defendant admits the allegations.

## VII.
## FIFTH CLAIM FOR RELIEF
### (Violation of 42 U.S.C. § 1983)

55. Answering Paragraph 137 of Plaintiff's Amended Complaint, Defendant repeats, realleges and incorporates herein by reference, as though fully set forth, its answers to paragraphs 1 through 136.

56. Paragraph 138 is a legal conclusion rather than an allegation of fact and therefore Defendant is not required to answer. To the extent an answer is required, this Defendant denies each and every allegation contained therein.

57. Answering Paragraphs 139 through 143 of Plaintiff's Amended Complaint, this answering Defendant denies each and every allegation contained therein.

///

///

///

## VIII.

## SIXTH CLAIM FOR RELIEF

### (Injunctive Relief)

58. Answering Paragraph 144 of Plaintiff's Amended Complaint, Defendant repeats, realleges and incorporates herein by reference, as though fully set forth, its answers to paragraphs 1 through 143.

59. Answering Paragraphs 145 through 151 of Plaintiff's Amended Complaint, this answering Defendant denies each and every allegation contained therein.

## IX.

## SEVENTH CLAIM FOR RELIEF

### (Declaratory Relief)

60. Answering Paragraph 152 of Plaintiff's Amended Complaint, Defendant repeats, realleges and incorporates herein by reference, as though fully set forth, its answers to paragraphs 1 through 151.

61. Paragraph 153 is a legal conclusion rather than an allegation of fact and therefore Defendant is not required to answer. To the extent an answer is required, this Defendant denies each and every allegation contained therein.

62. Answering Paragraphs 154 through 158 of Plaintiff's Amended Complaint, this answering Defendant denies each and every allegation contained therein.

## X.

## PRAYER FOR RELIEF

63. Answering the ad damnum paragraphs in the Prayer for Relief section of Plaintiff's Amended Complaint, this answering Defendant denies each and every allegation contained therein.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Amended Complaint fails to state a plausible claim against this answering Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The acts complained of in the Amended Complaint are discretionary functions for which statutory immunity attaches pursuant to N.R.S. 41.032.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has alleged no facts giving rise to a deprivation of a protected property or liberty interest.

### FOURTH AFFIRMATIVE DEFENSE

There is no due process violation for the alleged random, unauthorized acts as Plaintiff has adequate post-deprivation remedies.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff does not have standing to assert a private cause of action directly under the U.S. Constitution.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has a plain, speedy and adequate remedy at law for all claims for relief.

### SEVENTH AFFIRMATIVE DEFENSE

This answering Defendant did not enact any policy, statute, ordinance or custom which denied Plaintiff its constitutional rights.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's causes of actions against this answering Defendant sound in negligence, no recovery can be had predicated upon 42 U.S.C. § 1983.

### NINTH AFFIRMATIVE DEFENSE

The alleged acts made against this answering Defendant were not the proximate cause of Plaintiff's alleged constitutional injury or alleged damages.

### TENTH AFFIRMATIVE DEFENSE

That any damage suffered by Plaintiff was a direct and proximate result of its own misconduct and actions.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant Clark County was not deliberately indifferent to Plaintiff's rights, property

interests and/or liberty interests.

## TWELFTH AFFIRMATIVE DEFENSE

Any damages which Plaintiff has alleged in the instant matter are speculative in nature and, therefore, are not recoverable.

## THIRTEENTH AFFIRMATIVE DEFENSE

This Defendant is not subject to suit upon the facts and conclusions as stated in Plaintiff's Amended Complaint by reason of sovereign immunity of Clark County as a political subdivision of the State of Nevada.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff was not denied a liberty interest under the Fourteenth Amendment to engage in a particular vocation or trade.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff, as a corporation, does not have standing to assert personal federal rights involving individual autonomy protected by the Due Process Clause of the Fourteenth Amendment.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff was given fair notice, an opportunity to be heard and all other process that was due under the Procedural Due Process of the Fourteenth Amendment.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant Clark County did not discriminate against Plaintiff due to membership in any identifiable class or group.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's state law causes of action are barred by the Governmental Immunity Statutes of NRS Chapter 41.

## NINETEENTH AFFIRMATIVE DEFENSE

NRS Chapter 41 limits the damages that may be collectible against a political subdivision of the State of Nevada to a compensatory damage cap.

///

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant engaged in no conduct shocking to the conscience to be held liable for a substantive due process violation.

## TWENTY FIRST AFFIRMATIVE DEFENSE

Defendant Clark County is immune from punitive damages arising from the State law claims pursuant to N.R.S. 41.035.

## TWENTY SECOND AFFIRMATIVE DEFENSE

There can be no recovery for punitive damages against any governmental body or against any government official, acting in his or her official capacity, pursuant to 42 U.S.C. § 1983.

## TWENTY THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

At all relevant times mentioned in Plaintiff's Amended Complaint, this answering Defendant was acting in the good faith belief their actions were legally justified.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

Defendant engaged in no conduct shocking to the conscience to be held liable for a substantive due process violation.

## TWENTY SIXTH AFFIRMATIVE DEFENSE

The Fifth Amendments is inapplicable to the facts alleged in the Amended Complaint because Clark County is not a federal actor.

## TWENTY SEVENTH AFFIRMATIVE DEFENSE

Clark County did not engage in any conduct or make any decision that is arbitrary or capricious.

## TWENTY EIGHTH AFFIRMATIVE DEFENSE

Clark County made rational decisions in light of any objectively reasonable and conceivable state of facts.

## TWENTY NINTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert a private cause of action for an alleged violation of the

Nevada Revised Statutes.

### THIRTIETH AFFIRMATIVE DEFENSE

The Board of County Commissioners of Clark County is not a sueable entity.

### THIRTY FIRST AFFIRMATIVE DEFENSE

Plaintiff has not alleged facts in its Amended Complaint which presents a basis for Declaratory or Injunctive Relief and any such relief is now moot at the present time.

### THIRTY SECOND AFFIRMATIVE DEFENSE

Plaintiff's suit fails to state a viable claim for relief as it has failed to allege a violation of a right, privilege or immunity secured by the United States Constitution or by the laws of the State of Nevada.

### THIRTY THIRD AFFIRMATIVE DEFENSE

Plaintiff has adequate remedies at law and therefore are not entitled to the requested injunction or mandamus relief.

### THIRTY FOURTH AFFIRMATIVE DEFENSE

That if Defendant Clark County negligently injured the Plaintiff, as alleged in the Amended Complaint on file herein, Plaintiff was guilty of contributory negligence, and any damage Plaintiff has suffered is due to its actions, as the sole or contributing cause of the alleged injuries to which Plaintiff complains.

### THIRTY FIFTH AFFIRMATIVE DEFENSE

The decisions of the Clark County Board of Commissioners are strongly presumed to be in good faith, reasonable and done in the public interest.

### THIRTY SIXTH AFFIRMATIVE DEFENSE

That the damage sustained by Plaintiff pertaining to disclosure of alleged confidential information, if any, was caused by the acts of third persons who were not acting as officers, agents, servants, or employees of Clark County and who were not acting on behalf of Clark County in any manner or form and as such, this Defendant is not liable in any manner to Plaintiff.

### THIRTY SEVENTH AFFIRMATIVE DEFENSE

The subject amended Ordinance is not vague in all of its applications.

### THIRTY EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages are speculation and not recoverable.

### THIRTY NINTH AFFIRMATIVE DEFENSE

Pursuant to FRCP 11, all possible affirmative defenses may not have been alleged herein insofar as insufficient facts were not available after reasonable inquiry upon the filing of Plaintiff's Amended Complaint, and therefore, this answering Defendant reserves the right to amend its Answer to the Amended Complaint to allege additional affirmative defenses, if subsequent investigation so warrants.

WHEREFORE, this answering Defendant prays as follows:

1. That Plaintiff take nothing by reason of its Amended Complaint on file herein;
2. For reasonable attorney's fees;
3. For costs of suit incurred and to be incurred herein; and
4. For such other and further relief as the Court may deem just and proper in the premises.

Demand is hereby made by Defendant for a trial by jury in the above-entitled action.

RESPECTFULLY SUBMITTED this 27th day of April, 2017.

OLSON, CANNON, GORMLEY,
ANGULO & STOBERSKI

By_____
THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 006270
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ____27th____ day of April, 2017, I served the above **DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT (JURY DEMAND)** through the CM/ECF system of the United States District Court for the District of Nevada (or, if necessary, by U.S. Mail, first class, postage pre-paid), upon the following:

J. Randall Jones, Esq.
Matthew S. Carter, Esq.
KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Pkwy, 17th Floor
Las Vegas, Nevada 89169
Phone: 385-6000
Fax: 385-6001
Attorneys for Plaintiff

_____
An Employee of Olson Cannon Gormley
Angulo & Stoberski