# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NEVADA RESTAURANT SERVICES, INC., )
            Plaintiff, )
v. )
CLARK COUNTY, )
            Defendants. )

Case No. 2:16-cv-00238-GMN-NJK

ORDER DENYING MOTION TO REOPEN DISCOVERY

(Docket No. 72)

Pending before the Court is Plaintiff's motion to reopen discovery. Docket No. 72. Defendant filed a response in opposition and Plaintiff filed a reply. Docket Nos. 78, 84. The Court finds this matter properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion to reopen discovery is hereby **DENIED**.

District courts have wide latitude in controlling discovery and enforcing discovery deadlines. *See, e.g., Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006). To prevail on a request to amend a scheduling order under Rule 16(b) of the Federal Rules of Civil Procedure, a movant must establish "good cause" for doing so. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992); *see also* Local Rule 26-4. The party seeking to amend the scheduling order to reopen discovery bears the burden of establishing good cause. *See Werbicky v. Green Tree Serv., LLC*, 2014 WL 5470466, at *2 (D. Nev. Oct. 27, 2014); *see also Morgal v. Maricopa County Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The good cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). Good

cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* While prejudice to the opposing party may also be considered, where the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295 (quoting *Johnson*, 975 F.2d at 609).[1]

The deadline for expert disclosures expired in this case on August 15, 2016, and the discovery cutoff expired on October 12, 2016. *See* Docket No. 35 at 4. In order to prevail on its motion to reopen discovery to designate a new expert witness and to conduct other discovery, Plaintiff must establish that it could not have reasonably met these deadlines through diligent discovery efforts. *See Johnson*, 975 F.2d at 609. Plaintiff has failed to make this threshold showing. With respect to the proposed expert opinion, although Plaintiff points to recent developments in this case, it fails to show that an expert on statutory language could not have been disclosed by August 15, 2016.[2] That is especially true since, as Defendant points out, Docket No. 78 at 9, the importance of this statutory language has long been known to the parties. With respect to fact discovery on the enforcement of the regulation, Plaintiff provides only generalized assertions of obtaining new evidence that prompted a desire for further discovery. *See* Docket No. 72 at 8.[3] Such a generalized assertion is insufficient to establish that the further discovery now sought could not reasonably have been sought before the close of discovery. *Cf. Werbicky*, 2014 WL 5470466, at *2 (generalized statements of late-discovered evidence is "simply insufficient to carry [the] burden of showing good cause to reopen discovery"). Lastly, Plaintiff has made no showing of any

---

[1] Requests to extend deadlines filed after the deadlines' expiration also require a showing of excusable neglect. *See, e.g.*, Fed. R. Civ. P. 6(b)(1)(B); Local Rule 26-4. When a threshold showing of good cause is not made, however, the Court need not reach the issue of excusable neglect. *See, e.g.*, *Werbicky*, 2014 WL 5470466, at *1 n.1.

[2] The Court does not herein express any opinion regarding the parties' competing contentions as to whether the proposed expert testimony would be admissible in the event discovery were reopened.

[3] Plaintiff cites an allegation in its amended complaint regarding a photograph from a Jackpot Joanie's location. *See* Docket No. 60 at ¶ 73. The mere fact that Plaintiff may have obtained this photograph after the close of discovery, standing alone, has little bearing on the inquiry as to whether Plaintiff was diligent during the discovery period.

kind that discovery as to its damages could not have been completed through diligence prior to the close of discovery, and instead merely seeks to reopen discovery on this issue to moot a motion *in limine* filed by Defendant based on its contention that there is insufficient evidence of damages. *See* Docket 72 at 8-9.

For the reasons discussed above, Plaintiff's motion to reopen discovery is **DENIED**.

IT IS SO ORDERED.

DATED: June 16, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge