**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

NEVADA RESTAURANT SERVICES, INC., )
dba DOTTY'S, )
                                          )
              Plaintiff, )
   vs. )
                                          )
CLARK COUNTY, a Municipal Corporation, )
and Does I through X, )
                                          )
            Defendants. )
                                          )

Case No.: 2:16-cv-0238-GMN-NJK

**ORDER**

Pending before the Court is the Motion for Summary Judgment, (ECF No. 67), filed by Defendant Clark County (the "County"). Plaintiff Nevada Restaurant Services, Inc. ("Plaintiff") filed a Response, (ECF No. 82), and the County filed a Reply, (ECF No 86).

Also pending before the Court is the Motion for Partial Summary Judgment, (ECF No. 74), filed by Plaintiff. The County filed a Response, (ECF No. 83), and Plaintiff filed a Reply, (ECF No. 88). For the following reasons, the Court **GRANTS** the County's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Partial Summary Judgment.[1]

I. **BACKGROUND**

Plaintiff owns gaming and drinking establishments in Clark County, Nevada, that operate as taverns under "Class A" gaming licenses. (Am. Compl. ¶ 13, ECF No. 60). These Class A licenses "permit[ ] the operation of a total of fifteen or fewer slot machines *incidental*

---

[1] Also pending before the Court is the County's Motion in Limine relating to Plaintiff's damages, (ECF No. 81); the County's Motion for Leave to File, (ECF No. 89); Plaintiff's Motion for the District Judge to Reconsider the Magistrate Judge's Order denying the reopening of discovery, (ECF No. 91); and Plaintiff's Motion for Leave to File, (ECF No. 93). Because the Court grants summary judgment as a matter of law for the County on all of Plaintiff's claims, thereby rendering moot the County's concerns over Plaintiff's damages and Plaintiff's request to reopen discovery, the Court **DENIES** these motions, (ECF Nos. 81, 89, 91, and 93), as moot.

to the primary business at the establishment wherein the slot machines are to be located." Clark County Code (the "Code") § 8.04.040(B)(3) (emphasis added); (*see* Depo. Of Allison Gigante 22:21–24:3, Ex. A to Am. Compl., ECF No. 63).

Following a proliferation of businesses operating under a Class A license, the Clark County Board of County Commissioners (the "Board") passed an amendment to its tavern laws (the "2011 Ordinance") effective April 9, 2011. (Bill No. L-3-1-1 l-3(A)/Ordinance No. L-252-11, Ex. I to County's Mot. for Summ. J. ("MSJ"), ECF No. 67). The 2011 Ordinance required that taverns operating under Class A limited gaming licenses have a bar and at least eight slot machines "embedded" in the bar. Code § 8.20.020.385 (Apr. 19, 2011). Taverns licensed "at the same location" prior to December 22, 1990, were exempted from the new requirement. *Id.*

After some problems with enforcement of the 2011 Ordinance, the Board amended the Code by passing Ordinance L-256-14 (the "2014 Ordinance") on December 3, 2014. *See* Code § 8.20.020.385. The 2014 Ordinance requires taverns to maintain bars with a minimum height of forty inches and to operate a minimum number of slot machines as "bartop machines."[2] Code § 8.20.020.385(c)(1). Alternatively, a tavern may comply if less than fifty-percent of its revenue is derived from slot machines. Code § 8.20.020.385(c)(2). A tavern need not comply with these provisions if it either operates seven or fewer slot machines or qualifies as a grandfathered tavern. Code § 8.20.020.385(d)–(e). According to the Code, a "grandfathered tavern" is:

> (i) A tavern licensed for fifteen or fewer slot machines, the application for which was pending or approved prior to [December 8, 2006]; or
>
> (ii) Any tavern which, as of December 2, 2014, operated more than fifty percent of the slot machines on its premises as bartop

---

[2] A "bartop machine" is a "slot machine or gaming device which is installed into the flat horizontal counter of a 'bar' . . . for which the bar is the cabinetry of the slot machine." Code § 8.20.020.024.

> machines, regardless of the height of such bartop machines located in a bar . . . .

Code § 8.20.020.385(a)(i)–(ii).

In January 2015, Director Jacqueline Holloway of the Department of Business License for Clark County ("Director Holloway") sent Plaintiff letters (the "January Letters") stating that nineteen of Plaintiff's tavern locations were grandfathered in under the 2014 Ordinance. (*See* Ex. B-13 to Am. Compl., ECF No. 63). Then in February 2015, Director Holloway sent Plaintiff a letter (the "February Letter") that confirmed exempted locations that were grandfathered taverns under the terms of the 2014 Ordinance. (*See* Ex. B to Am. Compl.). The February Letter reflected Director Holloway's interpretation that, like the 2011 Ordinance, exemption under the 2014 Ordinance depended on the date the tavern location first received a gaming license. (*Id.*). Plaintiff complied with retrofitting the taverns that were not considered grandfathered according to the February Letter. (Am. Compl. ¶¶ 47).

On October 28, 2015, Plaintiff received an additional letter from Director Holloway (the "October Letter") (collectively the "letters") stating that "previous notifications concerning the grandfathered status of [Plaintiff's] taverns . . . must be revised." (*See* Ex. B to Am. Compl.). Director Holloway revised her interpretation and concluded that the application date of "current ownership," rather than tavern location, determined grandfathered status. (*Id.*). Pursuant to this, "the majority of [Plaintiff's] locations lost their grandfathering status as of the date of [Director] Holloway's October 28, 2015 letter." (Pl.'s MSJ 11:12–14).

Rather than complying with the 2014 Ordinance, Plaintiff filed the instant case seeking a petition for writ of mandamus and judicial review, and alleging violations of due process and § 1983. (*See generally* Am. Compl.). Additionally, Plaintiff alleges that the County has "arbitrarily and capriciously denied [Plaintiff's] locations the package liquor licenses it regularly grants other taverns" pursuant to Code § 8.20.020.250. (Am. Compl. 18:7–8).

Plaintiff alleges this claim under its petition for writ of mandamus, judicial review, and due process causes of action. (Am. Compl. at 19–25).

On February 10, 2016, Plaintiff filed a Motion for Preliminary Injunction, (ECF No. 6), which the Court later denied, (ECF No. 27). The County filed its opposition to Plaintiff's Motion for Preliminary Injunction and included in its opposition a Motion to Dismiss Plaintiff's claims related to the 2014 Ordinance. (*See generally* Mot. to Dismiss ("MTD"), ECF No. 14). On March 23, 2017, the Court granted the County's Motion to Dismiss and granted Plaintiff leave to amend, (ECF No. 58). Plaintiff filed its Amended Complaint, (ECF No. 60), on April 13, 2017, and the County filed the instant Motion for Summary Judgment, (ECF No. 67), on May 12, 2017. On May 15, 2017, Plaintiff filed the instant Motion for Partial Summary Judgment, (ECF No. 74).

## II. **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. DISCUSSION

Plaintiff's Amended Complaint alleges the following claims: (1) petition for a writ of mandamus; (2) judicial review; (3) violation of procedural due process; (4) violation of substantive due process; (5) violation of § 1983; (6) injunctive relief; and (7) declaratory relief. (*See generally* Am. Compl., ECF No. 60).

The County seeks summary judgment on Plaintiff's claims because the Amended Complaint "contains the same defects identified in the order granting [the County's] motion to dismiss." (County's Mot. for Summ. J. ("MSJ") 13:12–13). Specifically, the County asserts that the "law of the case, therefore, requires dismissal of the claims for relief predicated upon violations of the Procedural Due Process Clause and the Substantive Due Process Clause of the Fourteenth Amendment," and "Plaintiff's petition for mandamus relief, judicial review request, declaratory relief claim and injunctive relief claim are also still procedurally and substantively infirm to warrant continued litigation." (*Id.* 13:13–17).

Conversely, Plaintiff seeks summary judgment on its procedural due process claim, void for vagueness claim, and substantive due process claim. (Pl.'s MSJ 1:24–3:20). Because Plaintiff only seeks summary judgment on its due process claims, the Court will address the County's Motion for Summary Judgment and then incorporate Plaintiff's Motion for Partial Summary Judgment in the due process sections.

**A. The County's Motion for Summary Judgment**

Because many of Plaintiff's claims are predicated on its due process claims, the Court will first address the due process claims and then turn to the remaining the claims.

*1. Due Process*

**a. Procedural Due Process**

Plaintiff's Amended Complaint states that the "procedures employed by [the County] in (1) re-interpreting and attempting enforcement of the [2014] Ordinance and (2) denying [Plaintiff] the benefits of Clark County Code § 8.20.020.385(a) have therefore deprived [Plaintiff] of due process of law as guaranteed by the Nevada Constitution and the United States Constitution."[3] (Am. Compl. ¶ 103). Specifically, the thrust of Plaintiff's procedural due process claim is that the process in which § 8.20.020.385(a) was reinterpreted "failed to provide [Plaintiff] a meaningful opportunity to be heard at a meaningful time," and Plaintiff alleges that the reinterpretation and enforcement were "fundamentally unfair and violated the due process requirements of the Nevada and United States Constitution." (Am. Compl. ¶ 107). Plaintiff continues that "[t]he County, through [Director Holloway], has admitted that it 'reinterpreted' the [2014 Ordinance] without notice or hearing in a way that was extremely detrimental to [Plaintiff]." (Pl.'s MSJ 15:26–28).

A claim "based upon procedural due process thus has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Portman v. Cty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). Moreover, a protected property interest exists when an individual has a "legitimate claim of entitlement" that derives from "existing rules or understandings." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972); *see Hermosa on Metropole, LLC v. City of Avalon*, 659 F.

---

[3] Plaintiff pleads its due process claims under both federal and state law. These rights under the Nevada Constitution are identical to those under federal law. *See McCarran Int'l Airport v. Sisolak*, 137 P.3d 1110, 1119 (Nev. 2006).

App'x 409, 410–11 (9th Cir. 2016). "A reasonable expectation of entitlement is determined largely by the language of the statute and the extent to which the entitlement is couched in mandatory terms." *Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 62 (9th Cir. 1994); *see also Town of Castle Rock v. Gonzales,* 545 U.S. 748, 760 (2005) (noting that property interests arise only when the relevant state law provisions "truly ma[k]e [the conferral of the benefit] mandatory").

The Code "declare[s] that the right to obtain [a] license is a privilege and . . . the operation of [a] gambling facility . . . is a privileged business subject to regulations." Code § 8.04.020(A). Further, the Code confers "general power . . . to impose conditions, limitations and restrictions upon a license" and "broad final discretion in all licensing matters" to the Board. Code § 8.04.020(A), (C).

In its Motion for Summary Judgment, the County argues that "the Court has held that [Holloway's] actions undertaken in October 2015 'did not act contrarily to the plain language of the 2014 Ordinance' and was 'reasonably consistent with its plain language.'" (County's MSJ 13:18–25 (citing Order at 6, 11, ECF No. 58)). The County continues that the "language of the 2014 Ordinance clearly remains the same as does the evidence supporting the pursuit of the colorable governmental interest." (*Id.* 13:28–14:2).

Plaintiff counters that the County reinterpreted the 2014 Ordinance "without notice or hearing" and that Plaintiff's "due process rights were violated when the County chose to use this non-process to deprive [Plaintiff] of its own legitimate expectations about its rights." (Pl.'s MSJ 15:27–28, 16:12–14). Therefore, Plaintiff concludes that "[i]t is undisputed in this case that there was no notice or hearing" and that "[i]t therefore cannot be disputed that there was no process for this Court to even evaluate in order to determine whether the Constitutional standard of due process was met by the County." (*Id.* 16:25–28).

Essentially, Plaintiff's procedural due process claim relies on Plaintiff's property rights attached to its gaming license. (*See, e.g.*, Pl.'s MSJ 14:21–15:6 (citing case examples concerning the denial of business licenses and driver's licenses)). Plaintiff fails to recognize, however, that a gaming license is not a vested property right, unlike other licenses. Specifically, Nevada Revised Statute ("NRS") § 463.0129(2) states that "[a]ny [gaming] license issued or other commission approval granted pursuant to the provisions of this chapter or chapter 464 of NRS is a revocable privilege, and no holder acquires any vested right therein or thereunder." Moreover, "the acquisition of a gaming license and use permit constitutes a privilege and not a property right." *Coury v. Robison*, 976 P.2d 518, 520 (1999). As held in the prior Order, "[alcohol and gambling] are subject to 'almost limitless' restriction by the County." (Order at 8, ECF No. 58); *Nevada Rest. Servs., Inc. v. Clark Cty.*, No. 2:11-cv-00795-KJD, 2012 WL 4355549, at *7 (D. Nev. Sept. 21, 2012), *aff'd*, 638 F. App'x 590 (9th Cir. 2016) (dismissing a similar due process claim regarding the 2011 Ordinance). Therefore, the Court finds as a matter of law that Plaintiff cannot demonstrate a protected property interest with its gaming license necessary for a procedural due process claim. The Court thus grants summary judgment in the County's favor for the procedural due process claim and denies Plaintiff's Partial Motion for Summary Judgment on this claim.

### b. Substantive Due Process

Plaintiff's Amended Complaint alleges that "there is no reasonable dispute that the County did not have a proper, non-arbitrary basis for its actions in relation to [Plaintiff] in this case." (Am. Compl. ¶ 121). Plaintiff continues "[w]hile the County may have the ability to legislate and regulate gaming, there is no authority indicating that an administrative employee

can unilaterally change the interpretation or enforcement of a law or regulation passed by the County, as [Director] Holloway testified she did here." (*Id.* ¶ 114).[4]

The constitutional guarantee of substantive due process prevents the government from engaging in conduct that "shocks the conscience" or interferes with rights "implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 742 (1987). Substantive due process provides no basis for overturning validly enacted laws unless they are "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Spoklie v. Montana*, 411 F.3d 1051 (9th Cir. 2005); *see also Richardson v. City and County of Honolulu*, 124 F.3d 1150, 1162 (9th Cir. 1997). Whether the Ordinance is the only or best approach is irrelevant. Moreover, courts will not act as a "super-legislative" body to question the wisdom of otherwise constitutional acts by the Board. *Autotronic Systems, Inc. v. City of Coeur D'Alene*, 527 F.2d 106, 108 (9th Cir. 1975).

Plaintiff alleges that the "testimony from County officials recounts multiple interpretations of the [2014 Ordinance] that the County believed were valid, indicating that the [2014 Ordinance] is unconstitutionally void for vagueness." (Pl.'s MSJ 17:7–8) (emphasis omitted).

A statute may violate the Due Process Clause if it is impermissibly vague. *See, e.g.*, *Nevada Rest. Servs., Inc*, 2012 WL 4355549, at *7. A facial vagueness challenge outside the context of the First Amendment "present[s] a hurdle that is difficult for the [plaintiff] to scale." *Hotel & Motel Ass'n of Oakland v. City of Oakland*, 344 F.3d 959, 971 (9th Cir. 2003). "[A] party challenging the facial validity of an ordinance on vagueness grounds outside the domain of the First Amendment must demonstrate that 'the enactment is impermissibly vague in all of

---

[4] Although Plaintiff alleges a police power argument in its Amended Complaint, (*see* Am. Compl. ¶¶ 115–129), it does not assert this argument in its Motion for Summary Judgment, or in its Response to the County's Motion for Summary Judgment, (ECF No. 82), instead mainly arguing for void for vagueness, (Pl.'s MSJ 17:7–8). As such, the Court construes this as Plaintiff abandoning its police power argument and will not address it here.

its applications.'" *Id.* (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489 (1982)). A statute can be impermissibly vague for two independent reasons: (1) "it fails to provide persons of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits," or (2) "it authorizes and encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000).

Plaintiff's primary argument for void for vagueness is the conflicting position the County and Director Holloway took in implementing the 2014 Ordinance. (*See* Pl.'s MSJ 17:27–19:8). However, this Court has found—and continues to find—that the County's interpretation of the 2014 Ordinance "is reasonably consistent with its plain language notwithstanding the revision issued by Director Holloway." *AJ Sloan, Inc. v. Holloway*, No. 2-15-cv-02436-GMN-VCF, 2017 WL 1042462, at *4 (D. Nev. Mar. 16, 2017); *see Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1035 (9th Cir. 2006) (noting that "pertinence" of city manager's administrative instruction authorized by and construing city ordinance not affected by repeated amendments). As stated in the Prior Order, Director Holloway's letters do not demonstrate that "persons of ordinary intelligence could not understand what conduct the 2014 Ordinance prohibits, or that the 2014 Ordinance itself authorizes and encourages discriminatory enforcement." (Prior Order 11:20–22, ECF No. 58). Therefore, even in light of the evidence, the plain language of the 2014 Ordinance is not impermissibly vague, and the Court grants summary judgment for the County on Plaintiff's substantive due process claims in relation to the 2014 Ordinance.[5]

---

[5] Plaintiff also asserts an argument for substantive due process in alleging that the County has taken "a series of arbitrary and unreasonable actions." (Pl.'s MSJ 19:24–25). However, in order to be determined an arbitrary deprivation, the infraction must be the level of "abuse of power as that which shocks the conscience" and only "the most egregious official conduct can be said to be arbitrary in a constitutional sense." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). Moreover, "to establish a substantive due process claim, a plaintiff must show a government deprivation of life, liberty, or property." *Id.* Because the Court, as discussed *supra*, neither recognizes a deprivation of life, liberty, or property, nor finds the County's actions to shock the conscience, the Court denies this avenue of argument for substantive due process.

### 2. *Plaintiff's Due Process Claim Concerning the Package Liquor Licenses*

In its Amended Complaint, Plaintiff alleges that it applied for package liquor licenses for all of its tavern locations on June 16, 2015. (Am. Compl. ¶ 77). After submitting its application, the County issued one package liquor license, which ultimately was mistakenly issued. (*Id.* ¶ 79). On December 14, 2015, Director Holloway stated to Plaintiff that the County was exercising its discretion not to grant the application. (*Id.* ¶ 80). Plaintiff therefore asserted that, in denying the package liquor license applications, the County violated Plaintiff's procedural due process and seeks a petition for writ of mandamus and judicial review. (Am. Compl. ¶¶ 84–109).

However, similar to a gaming license, a liquor license in Nevada is a privilege and not a right. Code § 8.20.030 ("A liquor license is a privilege . . . ."). Moreover, the Nevada Supreme Court and a court in this District holds that "due process presumes a protectable property or liberty interest. This court and the majority of others have held that a liquor licensee has no such interest." *Kochendorfer v. Bd. of Cnty. Comm'rs*, 566 P.2d 1131, 1134 (1977); *see G & G Fremont, LLC v. City of Las Vegas*, 202 F. Supp. 3d 1175, 1180–81 (D. Nev. 2016). "There is no inherent right in a citizen to sell intoxicants . . . ." *Gragson v. Toco*, 520 P.2d 616, 617 (1974). Because Plaintiff has no vested property right in its liquor license, the Court accordingly grants summary judgment for the County on the package liquor licenses due process claim.

### 3. *Petition for Writ of Mandamus*

Plaintiff's first cause of action petitions the Court for a writ of mandamus for the County's actions affecting Plaintiff. (Am. Compl. ¶¶ 82–88). Specifically, Plaintiff alleges that the County's "violations of [its] legal duties and arbitrary and capricious actions compel this Court to issue a Writ of Mandamus directing [the County] to reinstate the grandfathered Class A licenses of [Plaintiff's] locations it has indicated will no longer be grandfathered." (*Id.* ¶ 86).

"The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Kerr v. U.S. Dist. Ct. N. Dist. of Cal.*, 426 U.S. 394, 399 (1976) (quoting 28 U.S.C. § 1651). Although district courts have "never confined themselves to an arbitrary and technical definition of jurisdiction, it is clear that only exceptional circumstances amounting to a judicial usurpation of power will justify the invocation of this extraordinary remedy." *Will v. United States*, 389 U.S. 90, 95 (1967). Additionally, District Courts may obtain jurisdiction to issue a writ of mandamus through constitutional or statutory provisions. *Petrowski v. Nutt*, 161 F.2d 938, 938–39 (9th Cir. 1947). Issuance of a writ of mandamus to enforce performance is appropriate only when "there is no other adequate remedy." *Bd. of Comm'rs of Knox Cnty. v. Aspinwall*, 65 U.S. 376, 377 (1860).

In Nevada, "[a] municipality's discretionary regulation of the dispensation of alcoholic beverages within its corporate limits should be respected by the courts absent clear evidence that an act of regulation is arbitrary, capricious, or an abuse of discretion." *Tighe v. Von Goerken*, 833 P.2d 1135, 1136 (1992) (citing Nev. Rev. Stat. § 268.090(1)). Moreover, "a trial court should sustain discretionary action of a governmental body, absent an abuse thereof, to the same extent that an appellate court upholds the discretionary action of a trial court." *Urban Renewal Agency v. Iacometti*, 379 P.2d 466, 468 (1963).

Pursuant to the foregoing, Plaintiff fails to demonstrate "exceptional circumstances" to "justify the invocation of this extraordinary remedy." *See Will*, 389 U.S. at 95. Specifically, the Court finds that the County did not act arbitrarily, capriciously, or abuse its discretion in either enforcing the 2014 Ordinance regulating taverns or denying Plaintiff's application for package liquor licenses. Moreover, as fully discussed *supra*, the County did not act contrarily to the plain language of the 2014 Ordinance in issuing the October Letter. The Court therefore grants

summary judgment for the County and denies Plaintiff's Petition for Writ of Mandamus in relation to both the 2014 Ordinance and the package liquor licenses.

### 4. *Judicial Review*

Plaintiff's second cause of action asks the Court for judicial review "of the record on which the [County's] non-legislative re-interpretation and attempted enforcement of the [2014] Ordinance" were based on a "determination that the decisions lacked substantial evidence," and a "determination that the actions are unconstitutional deprivations of [Plaintiff's] protected property interests under the United States Constitution and all applicable law." (Am. Compl. ¶ 92). The Code allows judicial review in two situations. First, § 20.12.120 states in relevant part that "[a]ny person aggrieved, or taxpayer affected, by any decisions of the Clark County planning commission, or the board of Clark County commissioners, may appeal to the courts of Nevada." Code § 20.12.120. Second, § 8.08.160 states in relevant part that "[e]xclusive power to regulate the businesses of gaming, dancehalls, escort services and liquor sales are vested by the Nevada Legislature in the liquor and gaming licensing board. . . . Any person aggrieved by final decision or order of the board made after hearing may obtain a judicial review of questions of law thereof in the Eighth Judicial District Court." Code § 8.08.160.

As stated in the Prior Order, neither of these situations apply here. Plaintiff is not challenging the decisions of the Clark County planning commission or the board of Clark County commissioners; Plaintiff is only challenging Director Holloway's interpretations of the 2014 Ordinance based on the letters. (Am. Compl. ¶¶ 91–93). Similarly, Plaintiff is not challenging a licensing procedure to imply § 8.08.160. Even premising Plaintiff's request for judicial review on the confusion caused by Director Holloway's letters, Plaintiff's cause of action for judicial review continues to appear redundant with the actual action itself. The Court therefore grants summary judgment for the County on this claim in relation to both the 2014 Ordinance and the package liquor licenses.

### 5. Section 1983

Plaintiff's fifth cause of action alleges violations of 42 U.S.C § 1983 due to the County's conduct allegedly depriving Plaintiff of its "rights, privileges, and immunities secured by the Constitution." (Am. Compl. ¶¶ 140). A claim under § 1983 requires that: (1) the conduct that harms a plaintiff is committed under color of state law, and (2) that conduct deprives a plaintiff of a constitutional right. *Ketchum v. Country of Alameda*, 811 F. 2d 1243, 1245 (9th Cir. 1987).

As discussed *supra*, there is no constitutional right at stake in this case, therefore barring Plaintiff's ability to successfully plead a § 1983 violation. As a result, the Court grants summary judgment for the County on Plaintiff's § 1983 claim.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the County's Motion for Summary Judgment, (ECF No. 67), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Writ of Mandamus, (ECF No. 62), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 74), is **DENIED**.

**IT IS FURTHER ORDERED** that the County's Motion in Limine, (ECF No. 81), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the County's Motion for Leave to File Reply, (ECF No. 89), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for District Judge to Reconsider Order, (ECF No. 91), is **DENIED as moot**.

///

///

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Leave to File Reply, (ECF No. 93), is **DENIED as moot**.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this __26__ day of February, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge